GEORGE PARKERSON *v.* ISAAC W. COHN.

**New Trial—Witnesses Absent Without Consent or Negligence of Defendant.**
The absence of witnesses, who had been summoned, and appeared, but absented themselves without the consent or knowledge of the defendant, will justify a new trial.

APPEAL FROM HARDIN CIRCUIT COURT.

November 20, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The facts which the absent witnesses would prove as disclosed in the affidavit of the attorney of appellant, were material to the issue. He stated that the witnesses had been in attendance during the term, that he had conversed with one of them and knew he would prove the material facts, as the witness told him and they were absent without the consent or procurement of his client, or himself. As they had been in attendance it should be presumed they had been summoned, and if there had been any want of diligence in failing to have subpoenas for the witnesses, or in having them summoned, the papers of the case would have shown it. But on the motion for a new trial the witnesses swore they had been summoned, and account for their absence, which was without the consent or knowledge of appellant, or her counsel.

The grounds for a continuance were clearly made out, and the motion of appellant, therefore, should have been sustained.

Wherefore, the judgment is reversed, and the cause is remanded with directions to set aside the verdict, award a new trial, and for further proceedings consistent herewith.

*Wintersmith, for appellant.*

*Vertrees Brown & Murray, for appellee.*